**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PEDRO MANUEL GUZMAN GLAS,<br><br>Petitioner,<br><br>v.<br><br>NICIDIA MIOSOTIS CASADO ESPINAL,<br><br>Respondent. | Civil Action No. 26-7896-RK-JTQ<br><br>**ORDER** |

**THIS MATTER** comes before the Court upon Petitioner Pedro Manuel Guzmán Glas's Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), (ECF No. 22); and the Court having considered Petitioner's Motion and its accompanying submissions; and for good cause shown;

**IT IS** on this 30th day of October, 2026, **ORDERED** as follows:

1. Petitioner's Motion for Default Judgment, (ECF No. 22), is **GRANTED**.

2. In support of this Order granting Petitioner's Motion, the Court incorporates fully herein Petitioner's Memorandum of Law in Support of the Motion for Default Judgment, (ECF No. 22-1), and its thorough discussion of the requisite default judgment requirements set forth in the Court's August 28, 2026 Text Order, (ECF No. 21).

3. The removal and retention of the minor child, G.V.G.C. (the "Child"), from the Dominican Republic was wrongful within the meaning of the Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention") and the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. §§ 9001 *et seq.*, and the Dominican Republic was the Child's habitual residence immediately before her wrongful removal.

4. The Child shall be **RETURNED** to the Dominican Republic pursuant to the Hague Convention and ICARA.

5. **Within seventy-two (72) hours after service of this Order upon Respondent**, Respondent shall deposit with the Clerk of the United States District Court for the District of New Jersey the Child's passport and any other travel document issued for the Child that is within Respondent's possession, custody, or control. The Clerk shall retain such documents pending further direction of the Court or their release to Petitioner for purposes of effectuating the Child's return to the Dominican Republic. Petitioner is authorized to retrieve the Child's passport and travel documents from the Clerk when necessary to effectuate the Child's return. Pending completion of the Child's return, Respondent shall not apply for, obtain, replace, cancel, alter, destroy, or otherwise interfere with any passport or travel documentation for the Child.

6. If Respondent fails to surrender the Child's passport or other necessary travel documentation within the time prescribed above, Petitioner is authorized to apply for and obtain, without Respondent's consent, such emergency, replacement, or other travel documentation for the Child as may be necessary to effectuate the Child's return to the Dominican Republic.

7. Petitioner has recently obtained a replacement passport in the Dominican Republic and is presently awaiting a visa appointment necessary to permit his travel to the United States, presently anticipated to occur on or after October 25, 2026. Petitioner's present inability to enter the United States shall not stay or otherwise affect Respondent's obligation to return the Child pursuant to this Order.

8. **Within seventy-two (72) hours after Petitioner notifies Respondent that he is lawfully able to travel to the United States and is available to receive the Child**, Respondent shall surrender the Child to Petitioner at a reasonable time and location designated by Petitioner upon reasonable notice to Respondent.

9. Upon surrender of the Child, Petitioner is authorized to retain the Child in his care solely for purposes of effectuating the Child's return to the Dominican Republic and shall cause the Child to be returned to the Dominican Republic as promptly as reasonably practicable.

10. Pending completion of the Child's return, Respondent, and all persons acting in concert with her who receive actual notice of this Order, are **RESTRAINED AND ENJOINED** from removing or concealing the Child, transferring the Child from the jurisdiction of this Court, changing the Child's residence without prior authorization of this Court, or otherwise interfering with the Child's surrender and return to the Dominican Republic.

11. Respondent shall cooperate fully with all reasonable arrangements necessary to effectuate the Child's safe and orderly return, including surrendering the Child at the time and location designated pursuant to Paragraph 8 of this Order.

12. If Respondent fails to surrender the Child as required by this Order, the United States Marshals Service and/or appropriate state or local law-enforcement authorities are authorized to assist in locating and securing the Child and effectuating the Child's transfer to Petitioner, subject to applicable law, including 22 U.S.C. § 9004(b).

13. Upon the Child's arrival in the Dominican Republic, Petitioner or Petitioner's counsel shall promptly notify the Court that the Child's return has been completed.

14. Nothing in this Order constitutes a determination of the merits of any underlying custody dispute. The Child's return pursuant to the Hague Convention and ICARA is without prejudice to the determination of custody or parental rights by a court of competent jurisdiction in the Dominican Republic.

15. If Petitioner intends to seek necessary expenses under 22 U.S.C. § 9007(b)(3), Petitioner may submit a separate application, supported by appropriate documentation, establishing the amount of such expenses following completion of the Child's return.

16. This Court shall retain jurisdiction to enforce this Order and to decide any subsequent application for necessary expenses under 22 U.S.C. § 9007(b)(3).

17. Counsel for Petitioner is **DIRECTED** to serve a copy of this Order on Respondent and file proof of that service within fourteen (14) days of the date of this Order.

18. The Clerk of Court is directed to **TERMINATE** Docket Entry No. 22.

19. The Clerk of Court is directed to **CLOSE** this case.

**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**